IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PATSY L. ESPINOSA, )
)
        Plaintiff, )
)
v. ) Case No. CIV-11-434-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Patsy L. Espinosa (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 17, 1963 and was 47 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a security guard. Claimant alleges an inability to work beginning February 15, 2002 due to

limitations resulting from epilepsy, depression, and high blood pressure.

## Procedural History

On May 11, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 21, 2010, an administrative hearing was held before ALJ Richard J. Kallsnick in Tulsa, Oklahoma. On November 15, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on October 7, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to order a post-hearing consultative examination; (2) failing to consider all of Claimant's impairments; (3) failing to provide a complete hypothetical to the vocational expert at step five; and (4) failing to perform a proper credibility assessment.

## Necessity for Consultative Examination

Claimant contends the ALJ should have ordered a consultative mental examination post-administrative hearing. In his decision, the ALJ found Claimant suffered from the severe impairments of grand mal and petit mal seizures, incontinence, depression, anxiety disorder, NOS, and history of substance abuse. (Tr. 19). In making his RFC findings, the ALJ determined Claimant could occasionally lift 50 pounds or frequently lift 25 pounds, could stand/walk for 6 hours in an 8 hour workday, could sit for 6 hours in an 8 hour workday, had the use of her hands and feet for the operation of controls, could not climb ladders or scaffolds, and needs to take seizure precautions such as the avoidance of unprotected heights and dangerous moving machinery. The ALJ found Claimant remained able to perform simple and some complex tasks despite her affective and anxiety disorders. Claimant was also found to be capable of relating superficially to others and should have minimum contact with the public. (Tr. 21).

After consultation with a vocational expert and based upon his RFC findings, the ALJ determined Claimant could perform the representative jobs requiring medium work of stock clerk, office cleaner, production inspector, and assembly worker, all of which exist in sufficient numbers in the regional and national economies. (Tr. 24). The ALJ concluded Claimant was not disabled. (Tr. 25).

On June 19, 2009, a Mental Residual Functional Capacity Assessment form was completed by Dr. Ron Smallwood pertaining to Claimant. He determined Claimant was moderately limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 743-44). Dr. Smallwood concluded in his functional capacity assessment that Claimant could perform simple and some complex tasks, could relate to others on a superficial work basis, and could adapt to a work situation. (Tr. 745).

On the same date, Dr. Smallwood completed a Psychiatric Review Technique on Claimant. He found Claimant suffered from depressive syndrome with sleep disturbance, difficulty concentrating, and thoughts of suicide. (Tr. 750). He also determined Claimant suffered from anxiety, NOS. (Tr. 752). Dr. Smallwood found Claimant also abused cocaine and THC. (Tr. 755). In his rating of

Claimant's functional limitations, Dr. Smallwood determined Claimant was moderately limited in the areas of difficulties in maintaining social functioning, difficulties in maintaining concentration, persistence, or pace and had experienced one or two episodes of decompensation of extended duration. (Tr. 757). He noted Claimant had been hospitalized for suicide attempts in 2005 but that she had been stabilized on medication such that she had a bright mood, broad affect, and she stated she was feeling good. Noting that Claimant was currently receiving medication, Dr. Smallwood found that there were "no significant c/o or reports of recent need for psycj treatment." He also determined Claimant had no problems with personal activities of daily living, noting she does household chores, shops by phone, reads, walks, was taking a computer course and talks daily. (Tr. 759).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues

raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Additional testing and consultative evaluation may be required if the medical evidence is in conflict or is inconclusive. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997); 20 C.F.R. § 404.1519a(b)(4). Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your

treating or other medical sources cannot be obtained for
reasons beyond your control, . . .

(3) Highly technical or specialized medical evidence that
we need is not available from your treating or other
medical sources;

(4) A conflict, inconsistency, ambiguity or insufficiency
in the evidence mus be resolved, and we are unable to do
so by recontacting your medical source; or

(5) There is an indication of a change in your condition
that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

This Court perceives no conflict or inconclusiveness in the medical record regarding Claimant's mental status which would warrant further consultative examination. She suffers from depression and anxiety both of which have been treated with positive results with medication. The fact Claimant's counsel requested the examination is useful for the purpose of indicating to the ALJ the potential need for such an examination but certainly imposes no duty upon the ALJ to do so. No error is attributed to the ALJ's opinion by failing to order a consultative mental examination.

Mixed within this issue is also an assertion by Claimant that the ALJ failed to weigh any of the medical evidence. Claimant first contends the DDS physicians and the ALJ did not have the benefit of over 100 pages of the medical records. It is unclear as

to the reason this medical information was omitted from the record. The sole basis provided by Defendant for ignoring this omission is that these portions of the transcript "reveals that these records do not contain significantly different clinical findings from the prior records to question the accuracy of the State agency opinions." The omitted records do contain certain diagnoses not contained in the records considered by the ALJ such as a positive ANA test (Tr. 786), hypertension treatment (Tr. 790), pain medication (Tr. 791), and a diagnosis of COPD (Tr. 804) with diminished breath sounds (Tr. 837).

An ALJ is required to consider all relevant evidence in the record. Soc. Sec. R. 06-03p. He is not, however, required to discuss every piece of evidence in the record. But it is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). The ALJ apparently did not have the opportunity to consider or discuss this evidence which may have some bearing upon his decision given its additional diagnostic testing. On remand, the ALJ shall consider this evidence and state its impact, if any, it has upon his decision.

**Step Two and Three Findings**

Claimant next contends the ALJ failed to consider all of her impairments. Specifically, Claimant states that the ALJ did not discuss Claimant's hypertension and generalized osteoarthritis and made no findings as to their severity. The record does indicate Claimant has been diagnosed with hypertension and, at least on one record, generalized osteoarthritis. The ALJ acknowledged Claimant had received treatment for hypertension. The fact a condition has been diagnosed does not translate into a disability. *See*, Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988). No evidence in the record indicates these conditions represent severe impairments. Claimant's hypertension is controlled with treatment. (Tr. 402, 410, 418, 427, 442). Claimant's "generalized osteoarthritis" has rarely appeared in the record and no evidence indicates Claimant has suffered from any limitations from this condition. No error is attributed to this allegation.

**Step Five Analysis and Credibility Determination**

Claimant appears to argue that the ALJ filed to consider the limiting effects of all of her impairments based upon (1) her testimony; and (2) the failure to include hypertension and osteoarthritis in the ALJ's RFC findings. Claimant's credibility

was called into question by the ALJ. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination

based upon specific evidence. Kepler, 68 F.3d at 391. The ALJ's findings discounting Claimant's credibility are well-founded as her testimony does not comport with the severity established in the medical record. This Court finds the RFC established by the ALJ is grounded in the record and supported by substantial evidence.

Claimant also makes the statement that "pain is a nonexertional impairment" and that the "ALJ's hypothetical did not include all limitations of record and was not precise, as required." No further explanation or development of these arguments appear in the briefing. As Claimant's attorney fails to adequately discuss these matters other than to include them as "and also" type arguments, this Court will not address them further.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to

the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE